O

# United States District Court
# Central District of California

NATAN DAVOODI; and DOES 1–100, inclusive,

    Plaintiffs,

    v.

AFFILIATED COMPUTER SERVICES, INC.; XEROX EDUCATIONAL SERVICES, LLC; DIANE KRESZYN; and DOES 2-100, inclusive,

    Defendants.

Case № 2:15-cv-08806-ODW (KSx)

**ORDER ON DEFENDANTS' MOTIONS TO STRIKE AND PLAINTIFF'S MOTION FOR REMAND [19, 20, 23]**

## I.    INTRODUCTION

Plaintiff Natan Davoodi originally filed this action in state court against Defendant Xerox Educational Services, LLC fka Affiliated Computer Services, Inc. ("ACS").  ACS timely removed the case to this Court based on diversity jurisdiction.  Two weeks later, Plaintiff amended his Complaint without leave of court to add Diane Kreszyn as a defendant.  Plaintiff then moved to remand the action based on lack of complete diversity because Kreszyn, like Plaintiff, is a California citizen.  ACS and Kreszyn, in turn, moved to strike Plaintiff's First Amended Complaint for fraudulently joining a non-diverse party.  For the reasons discussed below, the Court **DISMISSES** Kreszyn without prejudice but **DENIES** the balance of the Motions to Strike.  (ECF

No. 20, 23.) The Court also **DENIES** the Motion for Remand. (ECF Nos. 19.)[1]

## II. FACTUAL BACKGROUND

Plaintiff is a recent law school graduate, and ACS appears to service Plaintiff's student loan debt. (First Am. Compl. ¶¶ 2, 4, 9, 10.) After suffering financial hardship, Plaintiff considered applying for an Income Based Repayment ("IBR") Plan with ACS. (*Id.* ¶¶ 9, 10.) In November 2014, ACS informed Plaintiff that he needed to apply for the IBR Plan no later than January 29, 2015. (*Id.* ¶ 10.) Plaintiff submitted the required documentation to ACS on January 27, 2015. (*Id.* ¶ 11.)

On March 9, 2015, Plaintiff received a notice from ACS stating that the accrued interest on his loans capitalized into principal. (*Id.* ¶ 12.) Plaintiff was apparently under the impression that the IBR Plan would prevent this, and so contacted ACS for an explanation. (*Id.* ¶ 13.) ACS informed Plaintiff that they did not receive his IBR Plan application before the deadline, which Plaintiff disputed. (*Id.* ¶¶ 13, 14.) After several months of telephone and e-mail communications regarding the issue, ACS ultimately refused to reverse the conversion of interest into principal, and further refused to provide Plaintiff with an amortization schedule for his outstanding loan debt. (*Id.* ¶¶ 15–31.)

On Friday, June 5, 2015, Plaintiff sent a letter to ACS "offer[ing] an accord and satisfaction [to] settl[e] all accounts and all amounts owed for $18.27. Plaintiff stated that if [ACS] did not answer Plaintiff's inquiries by Monday June 8, 2015, [ACS] would agree to close any amounts owed for $18.27." (*Id.* ¶ 32.) ACS allegedly "never disputed the acceptance of the check for $18.27 [and] never disputed that acceptance of the check in the amount of $18.27 would settle all amounts allegedly owed," thereby erasing Plaintiff's entire student loan debt. (*Id.* ¶ 33.) Between June 2015 and October 2015, Plaintiff and ACS continued to correspond on numerous

---

[1] After carefully considering the papers filed in support of and in opposition to the Motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

occasions. (*Id.* ¶¶ 34–62.) During this time, ACS allegedly "made more than 19 negative reports on Plaintiff's credit report," presumably as a result of Plaintiff's failure to make any further payment on his student loan debt. (*Id.* ¶ 50.)

On October 14, 2015, Plaintiff filed a Complaint in state court against ACS, which asserted the following causes of action: (1) breach of the implied covenant of good faith and fair dealing; (2) violation of the California Consumer Legal Remedies Act ("CLRA"); (3) violation of the California Unfair Competition Law ("UCL"); (4) violation of the California False Advertising Law ("FAL"); and (5) defamation. (Not. of Removal, Ex. A.) Plaintiff did not name Diane Kreszyn as a defendant or make any allegations against her. (*Id.*) On November 12, 2015, Defendants answered the Complaint in state court, and then removed the case to this Court. (*Id.* Ex. B.) On November 24, 2015, Plaintiff filed a First Amended Complaint without leave of court, which added Kreszyn as a defendant on all of Plaintiff's claims. (ECF No. 24.) Plaintiff alleges that Kreszyn, a California citizen, was the project manager at ACS responsible for Plaintiff's student loan account, and that he wrote to Kreszyn on October 14, 2015, to inform her that a complaint had been filed against ACS. (First Am. Compl. ¶ 63.) Plaintiff requested a response from Kreszyn within seven days, and threatened to name her personally in a lawsuit if she did not respond. (*Id.*) Kreszyn never responded. (*Id.*)

On December 7, 2015, Plaintiff moved to remand the case to state court based on Kreszyn's lack of diversity with Plaintiff. (ECF No. 19.) The next day, ACS moved to strike the First Amended Complaint for joining a non-diverse defendant after removal. (ECF No. 20.) On December 16, 2015, Kreszyn also moved to strike the First Amended Complaint on the same grounds. (ECF No. 23.) Each party timely opposed and replied to the other's Motion.[2] (ECF No. 25, 27, 29, 30.) Plaintiff's

---

[2] While Plaintiff did not file a separate opposition to Kreszyn's Motion, the Court will nevertheless consider the Opposition and Reply to ACS' Motion in conjunction with Kreszyn's Motion given that the two Motions are virtually identical.

papers include evidence showing that he mailed two further letters to Kreszyn on August 6, 2015, and November 4, 2015, both of which made the same threats and demands as the October 2015 letter. (Davoodi Decl., Exs. B, D.) Defendants' papers include evidence showing that Kreszyn never worked at the ACS entity named in Plaintiff's complaints; rather, she worked at a separate company called ACS Enterprise Solutions, LLC, which never handled Plaintiff's student loan account. (Broedel Decl. ¶¶ 4–6.) Moreover, Kreszyn stopped working at ACS Enterprise Solutions in May 2014, approximately six months before Plaintiff even contemplated applying for an IBR Plan. (*Id.* ¶ 3.) The parties' Motions are now before the Court for review.

### III. LEGAL STANDARD

Generally, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(2). However, if a plaintiff joins additional defendants after removal "whose joinder would destroy subject matter jurisdiction, the court may deny joinder." 28 U.S.C. § 1447(e). Thus, despite a plaintiff's right to amend under Rule 15(a), numerous courts have held it appropriate for the court "to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a)." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014); *Mayes v. Rapoport*, 198 F.3d 457, 462 & n.11 (4th Cir. 1999); *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011), *aff'd*, 604 F. App'x 545 (9th Cir. 2015); *Greer v. Lockheed Martin*, No. CV 10-1704 JF HRL, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086 (C.D. Cal. 1999); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) . . . clearly gives the district court the discretion to deny joinder.").

### IV. DISCUSSION

Defendants argue that Plaintiff added Kreszyn to the complaint after removal for the sole purpose of destroying complete diversity, and thus the Court should strike

the First Amended Complaint under 28 U.S.C. § 1447(e). The Court agrees that Kreszyn should be dismissed from this action under § 1447(e), but declines to strike the First Amended Complaint in its entirety. Moreover, because the Court dismisses Kreszyn, there are no longer any non-diverse defendants, and thus Plaintiff's Motion to Remand must be denied.

In determining whether to allow a diversity-destroying amendment under Rule 15(a), district courts have considered the following factors: "(1) whether the party sought to be joined [i]s needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *McGrath*, 298 F.R.D. at 607 (citing *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (internal quotation marks omitted). Here, five of these six factors weigh in favor of denying joinder.

**A.   Rule 19(a)**

Under Rule 19(a), a party is necessary to the litigation if (1) the court could not "accord complete relief among existing parties" without the additional party, or (2) if the additional party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a); *see also CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (necessary parties are those "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide

on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it").

Neither prong applies here. Plaintiff seeks to essentially discharge his student loan debt and to recover damages for allegedly defamatory statements made against him in the form of negative credit reports. ACS is the only party whose presence is needed to accomplish this, and thus Kreszyn need not be joined to the litigation under the first prong of the test. Indeed, there is nothing to suggest that Kreszyn was acting outside her scope of employment, which means ACS would be vicariously liable for Kreszyn's alleged wrongdoing. *See McGrath*, 298 F.R.D. at 608 (holding that employee not a necessary party to an action against the employer where employee was acting within scope of employment). The second prong of the test also does not apply because Kreszyn has not claimed an interest in this lawsuit other than to defend herself against Plaintiff's claims. Thus, Kreszyn is not a necessary party.

**B.     Statute of Limitations**

There is clearly no statute of limitations problem. Kreszyn's alleged conduct occurred between August 2015 and November 2015. (First Am. Compl. ¶ 63; Davoodi Decl., Ex. B, D.) This is well within the limitations period for each claim Plaintiff asserts. *See Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 220 (1991) (four year limitations period for breach of implied covenant of good faith and fair dealing); Cal. Civ. Code § 1783 (four year limitations period for claims under CLRA); Cal. Bus. & Prof. Code § 17208 (four year limitations period for claims under the UCL and FAL); Cal. Code Civ. Proc. § 340(c) (one year limitations period for defamation claim).

**C.     Delay**

Plaintiff amended his complaint to add the non-diverse party promptly after removal, and thus this factor weighs against denying joinder.

**D.     Motive**

Plaintiff's amendment appears calculated to deprive the Court of subject matter

6

jurisdiction by adding a non-diverse party to the action. First, the only specific allegations of wrongdoing against Kreszyn is that she failed to respond to three letters Plaintiff sent her in August, October, and November of this year. This is a woefully flimsy basis for liability. And even if Plaintiff believed that this was sufficient, Plaintiff does not explain why he did not name her in his original state court complaint, which he filed after Krezsyn supposedly failed to respond to the August 2015 letter. The fact that she was joined to the complaint immediately after removal and without any substantial change in circumstances suggests an ulterior motive for her joinder.

Second, if Plaintiff believed that not responding to a letter was sufficient for liability, it seems likely that he would also name the myriad other employees that he actually spoke with over the course of the year, each of whom had a far more demonstrable connection to his case. The fact that he did not suggests that he named Krezsyn for a reason other than her purported failure to respond to his letters.

Third, ACS is vicariously liable for any unlawful acts that Krezsyn performed on its behalf, and thus her joinder makes no meaningful addition to his case. The fact that Plaintiff named only the company and not any individual defendants in his original complaint suggests that Plaintiff knows this, and that he named Krezyn as a defendant after removal only for strategic advantage.

Finally, now that ACS has produced a sworn statement that Kreszyn never even worked for the company that handled Plaintiff's account, it is unclear why Plaintiff continues to insist that she remain a party to this lawsuit. Defendants' refusal to provide Plaintiff with the appropriate project manager's name outside of proper discovery requests is not a reason to maintain a lawsuit against a person that quite clearly has no involvement in this matter whatsoever. The Court can only conclude that Plaintiff wishes to keep Kreszyn in this lawsuit for the strategic reason of destroying complete diversity.

/ / /

### E. Validity of Claims

Plaintiff's claims against Kreszyn are weak at best. Even assuming Kreszyn did work at ACS during the relevant time period, Plaintiff's allegations do not appear to support the first four claims against her. First, Kreszyn is not a party to any contract with Plaintiff, and thus cannot be held liable for a breach of the implied covenant of good faith and fair dealing. *See Shoemaker v. Myers*, 52 Cal. 3d 1, 24 (1990) ("It is . . . well established that corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract."). Second, it is unclear how an employee's failure to respond to a few letters qualifies as either a deceptive business practice under the CLRA, *see* Cal. Civ. Code § 1770, as an unlawful, unfair, or fraudulent business practice under the UCL, *see* Cal. Bus. & Prof. Code § 17200, or as a false advertisement under the FAL, *see id.* § 17500. Indeed, Plaintiff's allegations relating to these three statutory claims consist of nothing more than legal conclusions and bare recitations of the elements of the claim, and Plaintiff's briefing on these motions sheds no further light on the matter.

Finally, while Plaintiff's allegation that Kreszyn made more than 19 defamatory statements involving Plaintiff does not fail based on the pleadings, it is highly suspect. It appears that Plaintiff named Kreszyn on the defamation count because he assumed a project manager was involved with making the negative credit reports against him, and because he found Kreszyn's LinkedIn profile which describes her as a "senior project manager" at "ACS, a Xerox Company." (Jang-Busby Decl., Exs. 2–4, 7; Davoodi Decl. ¶¶ 6, 9, 10, 14, Ex. A.) This amounts to little more than a shot in the dark. Moreover, the evidence produced by ACS showing that Kreszyn never even worked at ACS appears virtually conclusive as to Kreszyn's lack of liability on the defamation claim (and all other claims).

### F. Prejudice to Plaintiff

Plaintiff will suffer little to no prejudice if Kreszyn is not joined as a defendant. As previously noted, Plaintiff's claims against Kreszyn are weak, and ACS at any rate

appears vicariously liable for Kreszyn's allegedly wrongful conduct. As a result, Kreszyn's presence in this lawsuit is unnecessary for Plaintiff to obtain the relief he has requested. Although Plaintiff seeks punitive damages against Kreszyn for which ACS is not necessarily liable, *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000), Plaintiff does not plead any specific facts showing that Kreszyn acted with malice.

## V. CONCLUSION

The foregoing factors clearly favor denying joinder. However, the Court concludes that § 1447(e) does not require the Court to strike the entire First Amended Complaint as requested by Defendants; it simply requires the dismissal of Kreszyn as a defendant. As a result, the Court **DISMISSES** Defendant Diane Kreszyn from the First Amended Complaint without prejudice, and **DENIES** the balance of Defendants' Motions to Strike. (ECF Nos. 20, 23.)

Finally, because Kreszyn was the only non-diverse defendant in the action, the Court does not lack subject matter jurisdiction over the action. Thus, the Court **DENIES** Plaintiff's Motion to Remand. (ECF No. 19.) ACS shall answer the First Amended Complaint within fourteen days of this Order.

**IT IS SO ORDERED.**

January 7, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**